ROBINSON v. HAYS et al.

(Circuit Court of Appeals, Ninth Circuit. March 6, 1911.)

No. 1,861.

1. **APPEAL AND ERROR** (§ 154*)—RIGHT OF REVIEW—ESTOPPEL—ACQUIESCENCE IN DECISION.

Where a court made an order of distribution to apply to the proceeds of a judgment for costs, a portion being awarded to the assignee of the judgment who was also directed to collect the same, which he did, paying the proceeds into the registry of the court, neither his acting pursuant to such direction nor his using, with leave of the court, a portion of the fund collected to pay the costs of an appeal from the order of distribution was such an acquiescence therein as precluded him from prosecuting the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 957–969; Dec. Dig. § 154.*]

2. **ATTORNEY AND CLIENT** (§ 182*)—LIEN OF ATTORNEY FOR COSTS ADVANCED—EFFECT OF CONTRACT.

An attorney who advanced money to his client to be used in payment of costs and expenses in litigation involving an estate, under an agreement that he was to be repaid from the estate if recovered, had no lien upon a judgment for costs recovered for such advances.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 315, 399–406; Dec. Dig. § 182.*]

3. **APPEAL AND ERROR** (§ 1178*)—REVERSAL—ORDER OF DISTRIBUTION.

An order distributing costs under a judgment for costs among persons claiming to have made advances during the progress of the litigation reviewed, and reversed for further evidence in support of such claims.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1178.*]

Appeal from the Circuit Court of the United States for the Northern Division of the Western District of Washington.

Suit in equity by Hannah O'Callaghan and Edward Corcoran against Terrence O'Brien, administrator of the estate of John Sullivan, deceased, and Marie Carrau. Appeal by J. W. Robinson, assignee of the judgment recovered for costs, from an order distributing certain of the proceeds of the judgment to W. F. Hays and W. M. Russell. Reversed.

John Sullivan died September 26, 1900, at Seattle, King county, in the state of Washington, seised of property in that state which Marie Carrau claimed under a nuncupative will. This will was admitted to probate in the superior court of King county. Hannah O'Callaghan et al., subjects of Great Britain, claiming to be the only living heirs of the deceased, opposed the claim of Marie Carrau under the nuncupative will, and litigation ensued, including an action in equity commenced by Hannah O'Callaghan et al. in the Circuit Court of the United States for the Western District of Washington against Terrence O'Brien, as administrator of the Sullivan estate, and Marie Carrau, by which the complainants sought to annul and set aside the will and its probate in the superior court of Washington. The Circuit Court entered a decree in favor of the complainants. O'Callaghan v. O'Brien (C. C.) 116 Fed. 934. From this decree Marie Carrau appealed to this court, where the decree of the Circuit Court was reversed for want of jurisdiction in that court, and the cause remanded, with directions to dismiss the bill at complainants' cost. Carrau v. O'Callaghan, 125 Fed. 657, 672, 60 C. C. A. 347. The complainants appealed to the Supreme Court of the United States, and, following a motion in that court to dismiss the appeal,

an application was made on behalf of the complainants for the allowance of a writ of certiorari. The appeal was dismissed, and the writ of certiorari allowed. The record on appeal was treated as a return to the writ. On the merits the judgment of the Circuit Court of Appeals was affirmed. Farrell v. O'Brien, 199 U. S. 89, 119, 25 Sup. Ct. 727, 50 L. Ed. 101, Upon filing the mandate of the Supreme Court in the Circuit Court, a judgment was entered dismissing the action and for costs in favor of Marie Carrau, and against the complainants in the sum of $2,619.90. Thereupon Marie Carrau assigned said judgment to J. W. Robinson, one of her attorneys and the appellant herein, authorizing him to take whatever action he might lawfully do under the law to collect the judgment with interest and costs. The assignment was subject to whatever payments had been made on the judgment by the United States Fidelity & Guaranty Company as surety upon 'the cost bond wherein there was a judgment against the company with interest and costs amounting to the sum of $495.89. From the judgment of dismissal in the principal case the complainant appealed to the Supreme Court of the United States where the judgment was affirmed. Corcoran v. O'Brien, 208 U. S. 613, 28 Sup. Ct. 568, 52 L. Ed. 645.

It appears that W. F. Hays, another attorney for Marie Carrau, claimed a lien against the judgment assigned to Robinson. This claim was for money claimed to have been advanced by him in payment of necessary expenses in litigation amounting in the aggregate to $1.500. It appears, also, that one W. M. Russell claimed to have loaned $1,500 or $1,600 to Marie Carrau for the purpose of defraying the expense of litigation, and that Hays guaranteed the payment of a part of the money so borrowed. It appears, further, that the appellant caused execution to issue upon the judgment, and the sum of $2,891.50 was realized after deducting the $495.89 paid by the surety company on the judgment. The court took testimony with respect to the rights of the parties claiming interest in the fund derived from the cost judgment, and thereupon entered an order distributing the fund to the claimants, under which order the following amounts were paid: To W. M. Russell $1,790, and to W. F. Hays $496.33.

From this order Robinson has appealed to this court, assigning as errors the order of the court in determining that the lien claimed by W. F. Hays was a valid claim against the judgment, and the funds arising from the enforcement of the execution, and in determining that there was anything due Hays for money advanced, for which he stood as the guarantor to Marie Carrau to make her defense in the action; also, in determining any question whatever with reference to the amount of money advanced by W. M. Russell, or that said Russell had a lien under the Hays lien upon the judgment, or otherwise; that the court erred in not making an order distributing the whole of said funds equitably between all the parties who had furnished money to the said Marie Carrau in order to make her defense in the main action.

From a supplemental record it appears that the appellant was permitted by order of the court to use funds in the registry of the court for the purpose of defraying the expenses of this appeal.

James J. Godfrey and J. W. Robinson, for appellant. W. F. Hays, Reynolds, Ballinger & Hutson, and Frank Shay, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). [1] The appellees have interposed a motion to dismiss this appeal on the ground that upon the face of the supplemental record the order appealed from has been adopted by the appellant, and he is bound thereby. It appears that in the order directing the distribution of the proceeds of the cost judgment to Russell, Hays, and Robinson in certain specified amounts it was ordered that Robinson should have the right to control the proceedings for collecting the judgment; that thereaft-

er execution was issued as directed by the court upon the request of Robinson and the amount of the judgment collected, and paid into the registry of the court; that, after the record on appeal had been forwarded to this court, Robinson applied to the lower court and obtained an order permitting him to apply such portion of such fund in the registry of the court as might be necessary to meet the expenses incident to this appeal, and charge the fund with such amounts. We find no merit in the motion to dismiss the appeal. The court found it necessary to take action for the purpose of collecting the judgment, and to make this action effective to place the duty of controlling the execution upon a party to the action. Robinson was such a party, and was an assignee of the judgment, and was therefore the party properly designated by the order to collect the judgment. But in acting under this order Robinson did not become bound to the terms of the order of distribution, which was entirely a different order and related to a different matter. He was at liberty in a proper proceeding to question the correctness of the order of distribution, and secure its reversal if incorrect or unauthorized by law. Nor do we find grounds for holding that Robinson was bound by the order of distribution because he obtained an order allowing him to use a portion of the fund in the registry of the court to defray the necessary expenses of this appeal. As an assignee of the judgment, he was admittedly a stakeholder or trustee whose interest it was to have it finally determined to whom the fund belonged, and the several amounts to which each was entitled under the law. It cannot be said that in these proceedings Robinson received such benefits under the order or decree of distribution as bound him to its terms. The motion to dismiss the appeal must therefore be denied.

The order of distribution is next to be considered on its merits. It appears that Hays claimed a lien against the judgment assigned to Robinson, but took no action to establish such a lien until Robinson applied to and obtained from the Circuit Court an order directed to Hays requiring him to establish his lien. Upon this order the court took the testimony contained in the record, and made the order now under consideration. It does not appear that Russell, to whom an award of $1,790 was made by the order, ever presented to the court any petition or application for such an award, or for any award. He was not a party to the proceedings, but a witness upon the order to show cause and identified a written agreement with Marie Carrau, wherein he agreed to advance to the latter the sum of $425 with interest, for which, in case Carrau was successful in obtaining the estate of John Sullivan, deceased, as devisee, she would pay to Russell the sum of $1,000; but, in the event she failed to recover that estate, then she agreed to pay Russell the principal sum of $425, with interest. Hays signed this agreement as guarantor. Russell also testified that he had advanced to Carrau the sum of $1,600 for the expenses of the litigation, and that he had assigned the claim for this amount to Hays for collection.

It appears that this loan of $425 was repaid to Russell from the proceeds of the judgment obtained against the United States Fidelity &

Guaranty Company. That amount is, therefore, not involved in this controversy. This leaves the claim of Russell for $1,600 advanced by him to Carrau upon his testimony that he had advanced that amount "in this litigation." What litigation? It is not stated. There was litigation in the state courts. It may have been advanced to pay the expenses of that litigation. If so, the claim cannot be considered here. If the money was advanced to defray the expenses in the United States courts where the cost judgment was awarded, then that fact should be made to appear by competent evidence. Without such evidence the claim cannot be admitted.

[2] With respect to the claim of Hays for money advanced by him to Carrau, certain contracts were introduced in evidence in support of such claim. The contracts were entered into between Hays and Carrau, and related to the interest which Hays was to have in the estate if recovered by Carrau; and it was provided in the first contract that:

"Whatever costs, fees, or charges of the courts in such action or proceedings that may be required, or advanced shall be paid by the said Marie Carrau out of said estate."

And in the second contract it was provided that:

"Whatever costs, fees or charges of the court in such action or proceeding that may be required to be advanced shall be deducted from the sum so recovered and the sum payable to said Hays shall be reckoned upon said basis."

[3] Manifestly Hays had no lien upon the cost judgment for advances which were to be paid to him out of the estate when recovered. The evidence respecting any other advances by Hays is too indefinite and uncertain to form the basis of an adjudication, and for that reason must be rejected. The testimony in the record is very unsatisfactory, and leaves the question as to the rights of the parties to the cost judgment in a very doubtful state. The judgment was assigned to Robinson for the purpose of having it collected and distributed among those entitled to be paid for their advances of funds to pay costs and expenses in the case of O'Callaghan v. O'Brien in the courts of the United States. We think the order should be reversed and remanded to the court below with instructions to permit Russell, Hays, and others claiming rights in this judgment to file their petitions with the court if so advised with such evidence as they may be able to produce in support thereof that their rights may be fully determined, and, when ascertained, the proceeds of the judgment to be distributed pro rata among all the claimants, claims having the status of liens, if there be any, to be accorded such preference as the law provides. Claims for advances for costs and expenses not incurred in the case of O'Callaghan v. O'Brien, or in the same case under other title, in the United States courts, should be excluded, as also claims for advances the repayment of which were contingent upon the success of Marie Carrau in this litigation.

Such will be the order of this court. It is further ordered that the appellant be allowed his costs.